Filed 12/23/25  Marriage of Zayas-Alvarez and Alvarez-Cabanillas CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of DULCE MARIA ZAYAS-ALVAREZ AND MIGUEL ALVAREZ-CABANILLAS. | D086065 |
| DULCE MARIA ZAYAS-ALVAREZ, Respondent, v. MIGUEL ALVAREZ-CABANILLAS, Appellant. | (Super. Ct. No. 22FL002438S) |

APPEAL from a judgment of the Superior Court of San Diego County, Sherry Thompson-Taylor, Judge.  Affirmed.

Miguel Agustin Alvarez-Cabanillas, in pro. per., for Appellant.

No appearance for Respondent.

In this marriage dissolution proceeding, Miguel Agustin Alvarez-Cabanillas, a self-represented litigant, appeals from an order denying his request to terminate a restraining order.

As we will explain, Alvarez-Cabanillas has not provided an adequate appellate record for us to review the trial court's order and evaluate his appellate arguments. Accordingly, we affirm the order.

I.

FACTUAL AND PROCEDURAL BACKGROUND

This marriage dissolution proceeding was instituted on March 4, 2022, when Dulce Maria Zayas-Alvarez filed a petition for dissolution against Alvarez-Cabanillas.

As reflected in the Register of Actions, the trial court issued a restraining order against Alvarez-Cabanillas on September 5, 2023. That restraining order is not included in the appellate record. From other statements in the appellate record, it appears the restraining order was set to remain in force until September 5, 2027.

On March 3, 2025, the trial court denied Alvarez-Cabanillas's request to terminate the restraining order. Alvarez-Cabanillas's request for an order terminating the restraining order is not included in the appellate record.

The trial court issued its order denying Alvarez-Cabanillas's request following a hearing held on March 3, 2025. The minute order from the March 3, 2025 hearing states that the court has denied the request to terminate the restraining order. It also notes "that on 09/05/2023, the Court found [Zayas-Alvarez] had met the burden of proof by a preponderance of evidence, demonstrating recent acts of domestic violence." The March 3, 2025 hearing was not reported, and Alvarez-Cabanillas has not obtained a settled statement regarding that hearing. (See Cal. Rules of Court, rule 8.137.)

Alvarez-Cabanillas filed a notice of appeal on March 28, 2025, from the order denying the request to terminate the restraining order. (See Code Civ. Proc. § 904.1, subd. (a)(6) [allowing an appeal from "an order . . . refusing

2

to . . . dissolve an injunction"].)  Zayas-Alvarez has not filed a respondent's brief.

## II.

## DISCUSSION

In his appellate brief, Alvarez-Cabanillas argues that the trial court erred in denying his request to terminate the restraining order.  According to Alvarez-Cabanillas, the trial court ruled against him based on "extreme bias."  Alvarez-Cabanillas further contends, among other things, that the trial court erred by not considering a police report, by relying on "false declarations," and by failing to consider the harm that Alvarez-Cabanillas was experiencing due to the restraining order.

As we have explained, the appellate record does not contain the original restraining order issued September 5, 2023, or Alvarez-Cabanillas's request to terminate that restraining order.  If Alvarez-Cabanillas submitted any evidence in support of his request, that evidence is also not included in the appellate record.  Further, the appellate record does not contain a settled statement about what occurred at the hearing on March 3, 2025.  Without those items, we are unable to evaluate whether the trial court erred in denying the request to terminate the restraining order.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609.)  " 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id.* at p. 609.)  " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review,

the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*)

By providing an inadequate record for us to evaluate the contentions raised in his appeal, Alvarez-Cabanillas has defaulted on his contention that the trial court erred in denying his request to terminate the restraining order. We therefore affirm the trial court's order.

## DISPOSITION

The March 3, 2025 order denying Alvarez-Cabanillas's request to terminate the restraining order is affirmed.

IRION, Acting P. J.

WE CONCUR:

DO, J.

BUCHANAN, J.

4